IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUL 29 PM 1:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| THOMAS H. PEACOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CV-01-TMP-761-S |
| ) | |
| COVENTRY FINANCIAL, a corporation, ) | |
| OWR EQUITY CORP., a corporation, ) | |
| WATERFORD INTERNATIONAL, LLC; ) | ENTERED |
| NATLIS CAPITAL, LLC; SAM MANGEL, ) | JUL 2 9 2003 |
| FREDERICK J. WERTLIEB, ) | |
| DAVID E. SVETE, ) | |
| ) | |
| Defendants ) | |

### MEMORANDUM OPINION

This cause is before the court for review of the report and recommendation filed by the magistrate judge on April 29, 2002, recommending dismissal of the complaint without prejudice with respect to several defendants for lack of personal jurisdiction and dismissal of the complaint with prejudice as to three other defendants for failure to state a claim for which relief can be granted. Plaintiff filed his objections to the report and recommendation on April 12, 2002. Having now reviewed *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court finds that the recommendation of dismissal for want of personal jurisdiction is due to be accepted, but that the recommendation of dismissal with prejudice for failure to state a claim must be rejected.



Personal Jurisdiction

The magistrate judge recommended that the complaint be dismissed without prejudice as to defendants Frederick J. Wertlieb, owR Equity Corporation, Waterford International, LLC, and Sam Mangel, for want of personal jurisdiction over them. In doing so, the magistrate judge found that none of these defendants had sufficient contacts with the state of Alabama to vest this court with either general personal jurisdiction or specific personal jurisdiction over them. Having carefully reviewed *de novo* all the materials in the court file, the court agrees with this assessment. Consequently, insofar as the report and recommendation recommends dismissal for lack of personal jurisdiction, the report is due to be and hereby is ADOPTED and the recommendation ACCEPTED. Accordingly, the motions to dismiss for want of personal jurisdiction filed by these defendants are due to be and hereby are GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE as to defendants Frederick Wertlieb, owR Equities Corporation, Waterford International, LLC, and Sam Mangel.

Failure to State a Claim

The court disagrees with the magistrate judge's recommendation that the complaint be dismissed with prejudice with respect to defendants Coventry Financial, Natlis Capital, LLC, and David E. Svete, for failure to state a claim for which relief can be granted. Each of these three defendants expressly eschewed seeking dismissal on personal jurisdiction grounds, arguing instead that the evidence simply failed to establish any claim against them. Because the magistrate judge initially limited discovery to jurisdictional issues only, it was not proper to convert the motions to

dismiss for failure to state a claim into motions for summary judgment without allowing the plaintiff the opportunity to conduct discovery on the factual issues that might refute the assertion of no claim.

In an order dated May 18, 2001, the magistrate judge established certain discovery guidelines and deadlines, focusing discovery on whether the court lacked personal jurisdiction over some or all of the defendants. There was certainly nothing improper about this order. Nonetheless, on January 23, 2002, the magistrate judge entered a Notice of Conversion, notifying the parties that, because the motions to dismiss for failure to state a claim had been supported by affidavits and other evidence outside the pleadings, they were being converted to motions for summary judgment. The magistrate judge failed to recognize, however, that his earlier order had precluded plaintiff from conducting discovery on issues other than personal jurisdiction. While the Notice of Conversion essentially imposed on the plaintiff the obligation to come forward with substantial evidence supporting his claims, the earlier order stripped him of the opportunity to discover the evidence necessary to carry that burden. Parties must be given a fair opportunity to conduct relevant and reasonable discovery before the court undertakes submission of summary judgment motions. See FRCP 56(f); Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841 (11th Cir. 1989). While there is no absolute right to conduct discovery prior to consideration of motions for summary judgment, FRCP 56(f) strongly cautions against summary resolution of claims without a proper opportunity to discover and marshal the evidence. The court of appeals has said:

> This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. E.g., Littlejohn v. Shell Oil Co., 483 F.2d 1140, 1145 (5th Cir.1973) (*en banc*), cert. denied, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed. 2d 743 (noting the high fatality rate of summary dispositions at a time before the facts have been fully developed); Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Insurance Company, 606 F.2d 602, 609 (5th Cir.1979), cert. denied, 449 U.S. 820, 101 S.Ct.

77, 66 L.Ed.2d 22 ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed."); Murrell v. Bennett, 615 F.2d 306, 310 (5th Cir.1980) (citing Alabama Farm Bureau ). The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. Parrish v. Board of Commissioners of the Alabama State Bar, 533 F.2d 942, 948 (5th Cir.1976). If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Id. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests. Cowan v. J.C. Penney Company, Inc., 790 F.2d 1529, 1532 (11th Cir.1986).

Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988). This rule is especially important when, as in this case, the court initially limits the scope of discovery to particular issues, such as personal jurisdiction. Such a limitation effectively handcuffs the opponent of the motion for summary judgment by precluding him from seeking to uncover the evidence necessary to oppose the motion. Before proceeding with consideration of the motions as motions for summary judgment, the magistrate judge should have opened discovery to all issues pertinent to the viability of the plaintiff's claims.

The court finds, therefore, that the recommendation that the claims against Coventry Financial, David E. Svete, and Natlis Capital, LLC,[1] be dismissed with prejudice for failure to state a claim is due to be rejected because plaintiff was not given a fair opportunity to conduct "merits" discovery to oppose what became motions for summary judgment. Accordingly, the plaintiff's

---

[1] The court notes, however, that even plaintiff admits, apparently, that Natlis Capital, LLC, is not a proper defendant, it having been confused with another entity, which has been added as a party by amendment. Even though the motion to dismiss for failure to state a claim will be denied, plaintiff's counsel is reminded of his Rule 11 obligation to dismiss parties against whom there is no good faith, non-frivolous basis for a claim.

4

objection to this part of the report and recommendation is SUSTAINED, the recommendation is REJECTED, and the motions to dismiss for failure to state a claim are DENIED.

A separate order will be entered granting the motions to dismiss for want of personal jurisdiction over defendants Frederick Wertlieb, owR Equities Corporation, Waterford International, LLC, and Sam Mangel, but denying the motions to dismiss for failure to state a claim filed by defendants Coventry Financial, David E. Svete, and Natlis Capital, LLC.

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___29th___ day of July, 2003.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE